UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

**GREGORY CAMPBELL**               Case No.

**Plaintiff,**

v.

**RELIANCE STANDARD LIFE
INSURANCE COMPANY,**

A Foreign Corporation,

**Defendant.**

## COMPLAINT

The Plaintiff, GREGORY CAMPBELL, by and through undersigned counsel, hereby files this Complaint against RELIANCE STANDARD LIFE INSURANCE COMPANY ("RELIANCE STANDARD") and alleges:

### GENERAL ALLEGATIONS

1. This is an action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*, specifically § 1132 (a)(1)(b).

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

3.  Venue is proper in the United States District Court for the Southern District of Florida, where the breach of the employee benefits contract between the parties took place.

4.  Defendant RELIANCE STANDARD is a foreign corporation engaged in the business of insurance in Broward County, Florida.

5.  At all times material hereto, the Plaintiff was covered by a long-term disability insurance policy underwritten and administered by Defendant RELIANCE STANDARD through an "employee welfare benefit plan" as defined by ERISA, 29 U.S.C. § 1002(1) sponsored by her employer, which provided disability insurance benefits, life insurance benefits and other valuable benefits. A copy of the long term disability insurance and policy is attached hereto as Exhibit "A."

6.  RELIANCE STANDARD was a claims "fiduciary" within the meaning of 29 U.S.C. § 1104 of the employee benefit plan established by Plaintiff's employer at all times material to this action and may be sued under ERISA as an entity pursuant to 29 U.S.C. § 1132(d)(1).

7.  Defendant RELIANCE STANDARD makes the final decision to deny claims under the policy providing benefits to Plaintiff and bore the ultimate responsibility for paying said benefits, creating an inherent conflict of interest between RELIANCE STANDARD's duties to the plaintiff as an ERISA fiduciary and its duties to its shareholders

as a for-profit corporation under federal law.

8. Defendant RELIANCE STANDARD has a substantial conflict of interest and its decision to deny the benefits at issue was materially influenced by its conflict of interest.

9. Defendant RELIANCE STANDARD has failed to apply the provisions of the policies consistently with respect to similarly situated claimants.

10. Defendant's notice of denial letters failed to comply with 29 CFR § 2560.503-1(f) as well as the "full and fair review" provisions of ERISA.

11. Defendant's plan documents fail to comply with 29 CFR § 2560.503-1 as well as the "full and fair review" provisions of ERISA.

12. Defendant RELIANCE STANDARD has failed to comply with its own internal rules, guidelines, protocols, and/or other similar criteria relied upon in making the adverse determination referenced herein, failing to provide a copy of same to Plaintiff and failing to state that same will be provided upon request in its denial of Plaintiff's appeal as required by 29 CFR § 2560.503-1(j).

13. Defendant has failed to comply with the provisions of 29 CFR § 2560.503-1(b), 29 CFR § 2560.503-1(f), 29 CFR § 2560.503-1(g), 29 CFR § 2560.503-1(h), and 29 CFR § 2560.503-1(I) in its administration of Plaintiff's claim.

14. Plaintiff has exhausted administrative remedies before filing this action or the requirement that administrative remedies be exhausted before this action is filed has been

otherwise satisfied, waived, excused, estopped, tolled, rendered moot, rendered a vain act, or otherwise rendered unnecessary under the statutes, administrative regulations promulgated by the Secretary of Labor, and/or common law regulating the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq..*

15. A copy of this Complaint is contemporaneously filed with the Secretary of Labor.

## COUNT ONE
### Action for Plan Benefits
### Pursuant to 29 U.S.C. § 1132 (a)(1)(B)
### Against RELIANCE STANDARD

16. Plaintiff realleges and reavers paragraphs 1 through 15 of this Complaint, incorporating the same by reference as if specifically reinstated herein.

17. Plaintiff was and is "disabled," as the term was defined in the long-term disability insurance policy funded and administered by RELIANCE STANDARD at all times material hereto.

18. Defendant has failed and refused to pay the Plaintiff sums due pursuant to the long-term disability insurance policy funded and administered by RELIANCE STANDARD, at all times material hereto.

19. Defendant has subjected Plaintiff to an unreasonable claims process pursuant to 29 CFR § 2560.503-1 and has denied benefits pursuant to the long-term disability plan.

20. Plaintiff is accordingly entitled to present evidence of disability

under the *de novo* standard to this Honorable Court.

21. Plaintiff is entitled to attorneys' fees authorized by 29 U.S.C. § 1132(g).

**WHEREFORE** Plaintiff Gregory Campbell prays for benefits due pursuant to the long-term disability insurance policy funded and administered by RELIANCE STANDARD LIFE INSURANCE COMPANY pursuant to 29 U.S.C. § 1132(1)(1)(B), plus costs, attorney' fees pursuant to 29 U.S.C. § 1132 (g), and such other relief as this honorable Court may deem appropriate.

## COUNT TWO
### Action to Clarify Right to Plan Benefits
### Pursuant to 29 U.S.C. § 1132 (a)(1)(B)
### Against RELIANCE STANDARD

22. Plaintiff realleges and reavers paragraphs 1 through 15 of this Complaint, incorporating the same by reference as if specifically restated therein.

23. Plaintiff is entitled to long-term disability benefits pursuant to the long-term disability insurance policy which is the subject of this action.

24. Defendant RELIANCE STANDARD has denied that Plaintiff is entitled to long-term disability insurance benefits.

25. Section § 1132(a)(1)(B) specifically authorizes an action to clarify a plaintiff's rights to benefits subject to insurance policies governed by ERISA like the one in this action.

26. Defendant RELIANCE STANDARD has subjected the Plaintiff to an unreasonable claims process pursuant to 29 CFR § 2560.503-1.

27.     Plaintiff is entitled to a declaration that his long-term disability insurance benefits are payable under the long-term disability insurance policy and is entitled to present evidence of her disability to this effect under the *de novo* standard.

28.     Plaintiff is entitled to attorney's fees authorized by 29 U.S.C. § 1132(g).

**WHEREFORE** Plaintiff Gregory Campbell prays for a declaration that he is entitled to reinstatement of benefits pursuant to the long-term disability insurance policy funded and administered by RELIANCE STANDARD LIFE INSURANCE COMPANY, along with any ancillary benefits to which he may be entitled as a result of a declaration of his right to same, pursuant to § 1132 (a)(1)(B) plus interest, costs, attorney's fees as authorized by 29 U.S.C. § 1132(g), and such other relief as this honorable Court may deem appropriate.

Respectfully Submitted,

/s/ WM S.

William S. Coffman, Jr. Esquire
Florida Bar No. 0188158
**COFFMAN LAW**
15436 N. Florida Avenue, Suite 103
Tampa, Florida 33613
(813) 935-7030
(813) 935-7277 fax
erisa@benefitsdenied.com
Trial Counsel for Plaintiff

EXHIBIT "A"